STATE OF NEW JERSEY, DEFENDANT IN ERROR, v. WILLIAM H. BRICKER, JR., PLAINTIFF IN ERROR.

Argued June 6, 1922—Decided November 21, 1922.

1. Where an indictment charged the defendant with the statutory misdemeanor of attempting to cause the miscarriage of a woman pregnant with child, in consequence whereof she died (*Crimes act, Comp. Stat., p.* 1784, § 119), the dying declarations of the woman are legal evidence on the trial thereof.

2. It is essential to the admissibility of dying declarations that they should have been made under a sense of impending death, excluding all hope of recovery.

3. Where a dying declaration is offered in evidence the preliminary question of fact whether the declarant was under a sense of impending death is for the determination of the trial court. And there can be no reversal, for the admission of a dying declaration, based upon the ground that it was not made under a sense of impending death, where there was evidence justifying the finding of the trial court that the declaration was made under a sense of impending death.

4. Two statements were offered in evidence as dying declarations. Both were made by the woman while in bed in the hospital, suffering terribly from septic peritonitis. Both were made when all about her thought that she was dying, although she was conscious and mentally alert. The first declaration was made thirty-four hours before her death, and immediately before making it she said that she was conscious that she "was approaching death" and knew that she had "no chance of recovery." The second was a writing, gathering up in narrative form her oral statements. It was read to her, and assented to and signed by her with a cross, three hours before her death. In it she said "I am approaching death within a few hours and without any hope of recovery whatever." *Held,* that the trial judge was justified in finding that both declarations were made under a sense of impending death and in admitting them in evidence.

5. It is the state of mind and the sense of impending death at the time of making the declaration, and not the fact of quick succession of death after the declaration, that makes a dying declaration admissible.

On writ of error to the Atlantic County Oyer and Terminer Court.

Before GUMMERE, CHIEF JUSTICE, and Justices SWAYZE and TRENCHARD.

For the plaintiff in error, *Eugene G. Schwinghammer.*

For the defendant in error, *Edmund G. Gaskill, Jr.* (prosecutor of the pleas), and *Clarence L. Cole.*

The opinion of the court was delivered by

TRENCHARD, J.   The defendant was indicted for having, without lawful justification, used instruments in the womb of I. M., a woman then pregnant with child, with intent to cause her miscarriage, in consequence whereof the woman died. He was convicted and the case is brought up on bills of exceptions taken at the trial.

We are of the opinion that there is no merit in the contention of the defendant that his conviction should be set aside because of the admission in evidence of the dying declarations of the woman.

The indictment charged the statutory misdemeanor of attempting to cause the miscarriage of a woman pregnant with child, in consequence whereof the woman died (*Crimes act, Comp. Stat., p.* 1784, § 119), and on the trial thereof the dying declarations of the woman were legal evidence.   *State* v. *Meyer,* 65 *N. J. L.* 237.

Of course it is essential to the admissibility of dying declarations that they should have been made under a sense of impending death, excluding all hope of recovery.   *Donnelly* v. *State,* 26 *N. J. L.* 601; *Peak* v. *State,* 50 *Id.* 179.   Such a sense and impression are held to lay upon the declarant as strong an obligation to speak the truth as is imposed by an oath in a court of justice.

The sole contention of the defendant is that the two statements made by the decedent, and offered in evidence by the state, were not made under a sense of impending death, and therefore were improperly admitted in evidence.   But we think that contention is ill-founded.

Where a dying declaration is offered in evidence, the preliminary question of fact, whether the declarant was under a sense of impending death, is for the determination of the trial court.   And there can be no reversal for the admission

of a dying declaration, based upon the ground that it was not made under a sense of impending death, where there was evidence justifying the finding of the trial court that the declaration was made under a sense of impending death. This is so whether the review is (as here) by strict writ of error (*State* v. *Monich*, 74 *N. J. L.* 522) or under section 136 of the Criminal Procedure act. *State* v. *Tomassi*, 75 *Id.* 739.

In the present case there was evidence justifying the admission of both statements. Both were made by the woman while in bed in the hospital, suffering terribly from septic peritonitis. Both were made when all about her thought that she was dying, although she was conscious and mentally alert. The first declaration was made thirty-four hours before her death, and an attentive reading of the testimony, including the statement itself, discloses that immediately before making it she said that she was conscious that she "was approaching death" and knew that she had "no chance of recovery." The second was a writing gathering together in narrative form her oral statements. It was read to her, and assented to and signed by her with a cross, three hours before her death. In it she said, "I am approaching death within a few hours, and without any hope of recovery whatever." These statements, and their concomitant circumstances, show, or so the court might and did find, that both of the declarations were made under a sense of impending death. *State* v. *Biango*, 75 *N. J. L.* 284.

It is the state of mind and the sense of impending death at the time of making the declaration, and not the fact of the quick succession of death after the declaration, that makes a dying declaration admissible. Therefore, the fact that death did not immediately follow the making of the first declaration does not render it inadmissible. *Donnelly* v. *State*, 26 *N. J. L.* 601.

The judgment will be affirmed.